UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

RYAN DEGROOT
612 Lyman Street
Kingsford, Michigan 49802

    Plaintiff,

    vs.                    Case No: 14-CV-1293

NIAGARA FABRICATION, INC.      **JURY TRIAL DEMANDED**
100 Woodyard Road
Niagara, Wisconsin 54151

    Defendant.

## COMPLAINT

    COMES NOW the Plaintiff, Ryan DeGroot, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against the Defendant, alleges and shows to the court as follows:

    1.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this case involves a federal question under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

    2.    This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's state law claims, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

    3.    Venue in this District is proper pursuant to 28 U.S.C. §1391(b) and (c), because a substantial portion of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

1

4. Plaintiff, Ryan DeGroot, is an adult male resident of the State of Michigan residing in Dickinson County with a post office address of 612 Lyman Street, Kingsford, Michigan 49802.

5. Defendant, Niagara Fabrication, Inc. is a Wisconsin corporation with a principal office of 100 Woodyard Road, Niagara, Wisconsin 54151.

6. Defendant provides metal fabrication services to individuals and businesses.

7. Upon information and belief, Defendant provides metal fabrication services to customers in Wisconsin and Michigan.

8. Upon information and belief, goods and products created or serviced by Defendant are transported into and out of Wisconsin.

9. Defendant has an annual dollar volume of $500,000 or more in business done.

10. Defendant is owned, in part, by Gregory Linsmeyer.

11. Gregory Linsmeyer is Defendant's President.

12. Mr. DeGroot was employed by Defendant as a non-exempt, hourly employee at Defendant within the three years preceding the filing of this Complaint.

13. Mr. DeGroot's last day of work at Defendant was June 19, 2014.

14. In or about June 2012, Defendant hired Mr. DeGroot as an Industrial Painter.

15. As an Industrial Painter at Defendant, Mr. DeGroot was a non-exempt, hourly employee and earned $13.00 per hour.

16. Mr. DeGroot was employed on a part-time basis as an Industrial Painter at Defendant from the beginning of his employment until June 1, 2014.

17. As an Industrial Painter, Mr. DeGroot's job duties and responsibilities included, but were not limited to, grinding parts for utility trailers, painting utility trailers and updating

Defendant's Occupational and Safety Health Administration records.

18. In or about late May 2014, Mr. DeGroot told Linsmeyer that he received an offer of employment with a third-party employer.

19. In or about late May 2014, Mr. DeGroot told Linsmeyer of his intent to leave employment with Defendant to accept the third-party employer's offer of employment.

20. In or about late May 2014, Linsmeyer asked Mr. DeGroot to reconsider his (Mr. DeGroot's) intent to leave employment with Defendant.

21. In or about late May 2014, Linsmeyer offered to employ Mr. DeGroot on a full-time basis at Defendant, meaning forty (40) hours per week and without layoffs, if Mr. DeGroot did not accept the third-party employer's offer of employment.

22. In or about late May 2014, Linsmeyer offered to raise Mr. DeGroot's pay to $15.00 per hour if Mr. DeGroot did not accept the third-party employer's offer of employment.

23. In or about late May 2014, Mr. DeGroot accepted Linsmeyer's offer for full-time employment at Defendant at the pay rate of $15.00 per hour.

24. In or about late May 2014, Mr. DeGroot declined the third-party employer's offer of employment to accept Linsmeyer's offer for full-time employment at Defendant at the pay rate of $15.00 per hour.

25. Prior to June 1, 2014, Defendant had not disciplined Mr. DeGroot, verbally or in writing, while he was employed by Defendant.

26. Beginning on or about June 1, 2014, Defendant paid Mr. DeGroot at the hourly rate of $15.00 per hour.

27. Beginning on or about June 1, 2014, Defendant employed Mr. DeGroot full-time for forty (40) hours per week.

28. On or about June 18, 2014, Mr. DeGroot appeared for work as scheduled at Defendant.

29. On or about June 18, 2014, Linsmeyer approached Mr. DeGroot while he was working and stated, "Why don't you go punch out and fix these trailers," or words to that effect.

30. When Linsmeyer instructed Mr. DeGroot to "punch out and fix these trailers" on or about June 18, 2014, Linsmeyer was directing Mr. DeGroot to perform work for Defendant (fixing trailers) without compensation.

31. On or about June 18, 2014, and for fear of losing his job with Defendant, Mr. DeGroot followed Linsmeyer's directive, punched out, and worked on the trailers for Defendant for approximately five (5) hours.

32. Defendant did not compensate Mr. DeGroot for his five (5) hours of work fixing trailers for Defendant on or about June 18, 2014.

33. On or about June 19, 2014, Mr. DeGroot appeared for work as scheduled at Defendant.

34. On or about June 19, 2014, Linsmeyer approached Mr. DeGroot while he was working and asked Mr. DeGroot whether he completed the work Linsmeyer directed him to perform without compensation the previous day. In response, Mr. DeGroot stated that he completed work on one of the trailers as directed.

35. Subsequently, Linsmeyer asked Mr. DeGroot "What about the second one?" or words to that effect, referring to a second trailer at Defendant. In response, Mr. DeGroot told Linsmeyer that he had not performed any work on the second trailer the previous day.

36. Thereafter, Linsmeyer stated, "Why don't you go punch out and work on the second one?" or words to that effect.

37. When Linsmeyer asked Mr. DeGroot, "Why don't you go punch out and work on the second one?" or words to that effect on or about June 19, 2014, Linsmeyer was asking Mr. DeGroot to perform work for Defendant (fixing a second trailer) without compensation.

38. In response to Linsmeyer's directive described in paragraph 34, Mr. DeGroot stated, "No, Greg. I'm not fixing these trailers for free anymore," or words to that effect.

39. In response to Mr. DeGroot, Linsmeyer stated to Mr. DeGroot, "You're done. You don't work on Ryan DeGroot time. You work on Greg Linsmeyer time," or words to that effect.

40. On or about June 19, 2014, Defendant terminated Mr. DeGroot's employment.

**FIRST CAUSE OF ACTION: RETALIATION UNDER THE FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED**

41. Mr. DeGroot realleges and incorporates paragraphs 1-40 of this Complaint by reference.

42. Mr. DeGroot's statement to Linsmeyer on or about June 19, 2014 that he was not "fixing these trailers for free anymore," stated his belief that Defendant was not properly compensating him pursuant to the FLSA and complained of unpaid work time.

43. Mr. DeGroot's statement to Linsmeyer on or about June 19, 2014 that he was not "fixing these trailers for free anymore," constitutes "filing a complaint" within the meaning of the FLSA.

44. Defendant violated the FLSA, 29 U.S.C. § 215(a)(3) by terminating Mr. DeGroot's employment because he made a complaint to Defendant relating to Defendant's failure to properly compensate him for all hours worked at Defendant.

45. FLSA, 29 U.S.C. § 216(b) makes an employer who violates FLSA, 29 U.S.C. § 215(a)(3) liable for such legal or equitable relief as may be appropriate to effectuate the purposes of § 215(a)(3), including without limitation employment, reinstatement, promotion, and the payment

of wages lost and an additional equal amount as liquidated damages.

46. Defendant retaliated against Mr. DeGroot by terminating his employment for exercising his rights under the FLSA, 29 U.S.C. § 201 *et seq.*

**SECOND CAUSE OF ACTION: VIOLATION OF WISCONSIN WAGE PAYMENT AND COLLECTION LAWS – FAILURE TO PAY AGREED UPON WAGE**

47. Mr. DeGroot realleges and incorporates paragraphs 1-46 of this Complaint by reference.

48. At all relevant times, Mr. DeGroot was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r).

49. At all relevant times, Mr. DeGroot was an employee of Defendant within the meaning of Wis. Stat. § 103.001(5).

50. At all relevant times, Mr. DeGroot was an employee of Defendant within the meaning of Wis. Stat. § 104.01(2)(a).

51. At all relevant times, Defendant was an employer of Mr. DeGroot within the meaning of Wis. Stat. § 109.01(2).

52. At all relevant times, Defendant was an employer of Mr. DeGroot within the meaning of Wis. Stat. § 103.001(6).

53. At all relevant times, Defendant was an employer of Mr. DeGroot within the meaning of Wis. Stat. § 104.01(3)(a).

54. At all relevant times, Defendant was an employer of Mr. DeGroot within the meaning of Wis. Admin. DWD § 272.01(5).

55. On or about June 18, 2014, Mr. DeGroot performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities.

56. Mr. DeGroot has been entitled payment from Defendant at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked by Mr. Degroot pursuant to Wis. Stat. § 109.03.

57. Defendant willfully failed to properly pay Mr. DeGroot compensation for the work he performed on or about June 18, 2014.

58. The foregoing conduct, as alleged above, constitutes a willful violation of the Wisconsin Wage Payment and Collection Laws ("the WWPCL").

59. As set forth above, Mr. DeGroot sustained losses in his compensation as a proximate result of Defendant's violations. Accordingly, Mr. DeGroot seeks damages in the amount of his respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Mr. DeGroot may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

60. Mr. DeGroot seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and are and were willful as defined in the FLSA and Wisconsin Law;

2. Issue an Order directing and requiring Defendant to pay Mr. DeGroot damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing

compensable work for which he was not paid pursuant to the rate provided by the FLSA and WWPCL;

3. Issue an Order directing and requiring Defendant to pay Mr. DeGroot liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to him;

4. Issue an Order directing and requiring Defendant to reinstate Mr. DeGroot to his former position without any loss of seniority or benefits;

5. Issue an Order directing and requiring Defendant to pay Mr. DeGroot damages in the form of back pay from the time of his termination until the date of his reinstatement as a result of Defendant's unlawful termination of Mr. DeGroot;

6. Issue an Order directing Defendant to reimburse Mr. DeGroot for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

7. Grant to Mr. DeGroot whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 16th day of October, 2014.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/ *Jesse R. Dill***
James A. Walcheske, State Bar No. 1065635
Jesse R. Dill, State Bar No. 1061704

WALCHESKE & LUZI, LLC
200 South Executive Drive, Suite 101
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
jdill@walcheskeluzi.com

8

Case 1:14-cv-01293-WCG   Filed 10/16/14   Page 8 of 8   Document 1