UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

RYAN DEGROOT

   Plaintiff,

  vs.              Case No: 14-CV-1293

NIAGARA FABRICATION, INC.

   Defendant.

## BRIEF IN SUPPORT OF PLAINTIFF'S RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM WITH PREJUDICE

  Plaintiff, Ryan DeGroot, by his counsel, WALCHESKE & LUZI, LLC, moves the Court pursuant to FED. R. CIV. P. 12(b)(6) to dismiss Defendant's counterclaim with prejudice and to order all other relief the Court deems appropriate.

### STANDARD OF REVIEW

  A motion to dismiss under Rule 12(b)(6) asserts that the non-moving party's cause of action fails to state a claim upon which relief can be granted. The court will grant a moving party's motion to dismiss where the claim at issue fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a motion to dismiss, the court "construe[s] the complaint in the light most favorable to the [non-moving party], accepts as true all well-pleaded facts alleged, and draw[s] all possible inferences in [the non-moving party's] favor." *Tomayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Where it is clear that any amendment would be futile, the court may dismiss the claim with prejudice. *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). Dismissal with prejudice is appropriate where the non-moving party cannot state a valid theory of liability. *Id.*, citing *Verhein v. South Bend Lathe, Inc.*, 598 F2.d 1061, 1063 (7th Cir. 1979).

## LEGAL ARGUMENT

The Court should dismiss Defendant's counterclaim with prejudice because there is no private cause of action on the basis for which Defendant seeks relief. Defendant's Answer and Counterclaim contains its sole counterclaim. (Dkt. 7.) Defendant's counterclaim is titled by heading, "Counterclaim for Unemployment Fraud by Plaintiff." (*Id.*) In support of its counterclaim, Defendant alleges, "Plaintiff committed willful unemployment compensation fraud during the time he was employed by defendant." (Dkt. No. 7, ¶ 64).

Unemployment compensation benefits in Wisconsin are governed by Wis. Stat. Ch. 108, Unemployment Insurance and Reserves. The recovery of erroneous payments from Wisconsin's unemployment insurance fund is controlled by Wis. Stat. § 108.245, Recovery of erroneous payments from fund. Under Wis. Stat. § 108.245, the State's Department of Workforce Development is granted the exclusive right to "recover the proceeds of any payment from the fund not resulting from a departmental error, including any payment to which the recipient is not entitled, from any . . . person that receives . . . such a payment . . . ." § 108.245(1). Thus, there is no private cause of action to recover any alleged erroneous payment of unemployment compensation benefits to an individual in Wisconsin.

Even if the Court accepts as true all facts pleaded by Defendant in support of its counterclaim, Defendant's counterclaim should be dismissed with prejudice because he cannot privately seek repayment of unemployment insurance benefits paid to an individual. The only entity that may seek to recover proceeds of any payment from the fund to a recipient to which the recipient is not entitled is the Department of Workforce Development. As a private entity, Defendant cannot rely on a private cause of action brought before this Court to recover any funds it may feel an individual was not entitled to receive. There is no basis for Defendant to seek repayment through this Court of any erroneous unemployment payments made to an individual. Thus, the Court should grant Plaintiff's motion to dismiss this counterclaim.

Moreover, there is no way in which Defendant may amend its counterclaim to avoid the exclusive statutory authority of the Department of Workforce Development to recover any allegedly wrongful payments made out of the unemployment compensation fund. Defendant is precluded from pleading a cause of action to recover unemployment compensation payments by Wisconsin statute. Therefore, the Court should grant Plaintiff's motion to dismiss with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court dismiss the Defendant's counterclaim with prejudice and order all other relief the Court deems appropriate, including, but not limited to, all fees Plaintiff incurred in bringing this Motion.

Dated this 4th day of January, 2015.

> WALCHESKE & LUZI, LLC
> Counsel for Plaintiff
>
> /s Jesse R. Dill
> James A. Walcheske, State Bar No. 1065635
> Jesse R. Dill, State Bar No. 1061704

WALCHESKE & LUZI, LLC
200 South Executive Drive, Suite 101
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
jdill@walcheskeluzi.com